United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Elizabeth Espinal Herrera, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3201 |
| | § | |
| Martin Frink,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Elizabeth Espinal Herrera is a native and citizen of Honduras who unlawfully entered the United States on an unknown date and has lived in the United States since 2008. Docs. 8-1 at 1, 1 at 1. On April 12, 2026, she was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and she remains in the custody of Respondent, Warden of the Houston Contract Detention Facility. Doc. 1 at 2, 4. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that her present detention without a bond hearing violates (i) the Fourth Amendment; (ii) substantive due process; and (iii) procedural due process.

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1 at 4. Mr. Bradford ceased holding office while this action remained pending, so Patrick Contreras is automatically substituted as a Respondent in this action in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to remove Bret Bradford from and add Patrick Contreras to the docket sheet.

Now before the Court is Respondents' Motion to Dismiss and, in the Alternative, Motion for Summary Judgment, Doc. 8, to which Petitioner has responded in opposition, Doc. 9. Respondents maintain that Petitioner is not entitled to a bond hearing because she is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during her removal proceedings. *See* Doc. 8; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise due process challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As to Petitioner's Fourth Amendment claim, in which she contends that her arrest violated the Fourth Amendment's prohibition against unreasonable seizures, Doc. 1 at 9–10, the Court rejects this claim for the same reason that it rejected an *Accardi* challenge to the underlying arrest in *Campos Bernal*, 4:26-cv-2239, 2026 WL 1804234, at *7–8. As the Court explained in *Campos Bernal*, "[t]he Supreme Court has affirmed that 'an illegal arrest has no bearing on a subsequent deportation proceeding' because the 'body or identity of [the arrestee] is never itself suppressible as a fruit of an unlawful arrest.'" *Id.* at *7 (quoting *Immigr. & Naturalization Serv. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984)). Therefore, the Court has joined several courts in this and neighboring federal

districts in holding that "an illegal arrest has no bearing on the legality of detention following that arrest." *Id.* (citing *Carnesolta v. Tate*, No. 4:26-CV-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (Eskridge, J.); *Hechavarria-Vasquez v. Tate;* , No. CV H-26-1266, 2026 WL 1427003, at *2 (S.D. Tex. May 21, 2026) (Lake, J.); *Navdeep v. Warden Ero El Paso Camp E. Montana Det. Ctr.*, No. EP-26-CV-829-KC, 2026 WL 1179624, at *2 (W.D. Tex. Apr. 23, 2026) (Cardone, J.). Simply put, even if Petitioner's arrest violated the Fourth Amendment, the Court could not remedy the violation by ordering her release in response to the current Petition.

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk is instructed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

Nicholas J. Ganjei
United States District Judge